UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-22970

CARLOS RODRIGUEZ-PENA,

    Plaintiff,

vs.

THE GLASS DOOR COMPANY, INC d/b/a
DOORS 22 and
LEON BELL,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME VIOLATION(S)**

Plaintiff, Carlos Rodriguez-Pena, sues Defendants, The Glass Door Company, Inc d/b/a Doors 22 and Leon Bell, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Carlos Rodriguez-Pena**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2.     Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendants.

4.     Plaintiff consents to participate in this lawsuit

5.     **Defendant, The Glass Door Company, Inc**, is a for-profit Florida corporation that is *sui juris* and operated its business in in this District at all times material. Defendant, The Glass Door Company, Inc, operates under the fictitious name of Doors 22 in Miami-Dade County, Beach, Florida.

1

6. **Defendant, Leon Bell,** is over 18 years old, a resident of this District, and is *sui juris*. Mr. Bell was at all times material an officer/owner/director/member of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7. Defendants were Plaintiff's employers, as the term "employer" is defined by 29 U.S.C. §203 (d).

8. All Defendants employed Plaintiff.

9. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within Miami-Dade County.

## Background Facts

11. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

12. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their sales, marketing, assembly, and installation of residential and commercial interior glass doors inside and outside of the state of Florida.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

13. Defendants received glass, metals, doors, fasteners, and adhesives that moved through interstate commerce, while using machinery, tools, equipment, and materials that also have moved through interstate commerce.

14. Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

15. Defendants own and operate the website: www.Doors22.com using GoDaddy, LLC, a foreign corporation, which Defendants regularly and routinely use for marketing purpose and to solicit bids through their website.

16. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or in excess of $125,000 for each relevant fiscal quarter.

17. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

18. Plaintiff worked as an assembler/warehouse associate for Defendants from October 12, 2020 to July 12/13, 2021.

19. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his receiving, handling, and assembling products that traveled through interstate commerce.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

***Liability***

20. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

21. Defendants willfully and intentionally refused to pay Plaintiff overtime wages of at least one and one-half times his regular rate of pay for all hours that he worked beyond 40 in a workweek

22. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff overtime wages of at least one and one-half times her regular rate of pay for all hours that he worked beyond 40 in a workweek in violation of the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay him overtime wages for all hours worked beyond 40 in a workweek, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime wage pay he earned.

23. Defendants failed and refused to pay Plaintiff at the rate of time and one-half times his regular rate of pay for all hours worked over 40 hours in a workweek.

24. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

26. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Carlos Rodriguez-Pena, demands the entry of a judgment in his favor and against Defendants, The Glass Door Company, Inc d/b/a Doors 22 and Leon Bell, jointly and severally after trial by jury and as follows:

4

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

    a.    That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b.    That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g.    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Carlos Rodriguez-Pena, demands a trial by jury of all issues so triable.

Respectfully submitted this 16th day of August 2021.

                                      Brian H. Pollock, Esq.
                                      Brian H. Pollock, Esq. (174742)
                                      brian@fairlawattorney.com
                                      FAIRLAW FIRM
                                      135 San Lorenzo Avenue
                                      Suite 770
                                      Coral Gables, FL 33146
                                      Tel:    305.230.4884
                                      *Counsel for Plaintiff*

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*